IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert Martin,                          :

        Plaintiff,               : Case No. 2:15-cv-1112

  v.                                    :

Aramark Food Corp., et al.,             : JUDGE GREGORY L. FROST
                                     Magistrate Judge Kemp
        Defendants.              :

REPORT AND RECOMMENDATION

    Plaintiff, Robert Martin, a state prisoner who resides at the Hocking Correctional Facility, submitted his complaint in this case on March 27, 2015.  His complaint was accompanied by a motion for leave to proceed in forma pauperis.  That motion was not accompanied by the required trust fund statement from his institution.  Ordinarily, the Court would direct Mr. Martin to provide a trust fund statement in order to allow the Court to consider whether to assess a partial filing fee based on that statement.

    However, as this Court recently pointed out in denying Mr. Martin's motion for leave to proceed in forma pauperis in Martin v. Harlan, Case No. 2:14-cv-1553, Mr. Martin has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted.  See Martin v. Woods, Case No. 2:12-cv-341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio).

    Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes" rule, a prisoner may not bring a suit in forma pauperis if that

prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Thus, he is not entitled to proceed <u>in forma pauperis</u> and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g). Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted <u>in forma pauperis</u> status) at the outset of the case.

    Mr. Martin does not address the issue of imminent danger in his complaint. Rather, the issues raised by his complaint relate to an alleged contract entered into by the Ohio Department of Correction and Rehabilitation and Aramark Food Service. Mr. Martin asserts the alleged illegality of the contract and claims of unjust enrichment. He states that he suffered food poisoning in the past and the institutional response he received was designed solely to protect Aramark. He also asserts various other claims such as public corruption, including misuse of funds without procedural or substantive due process protection. Further, he contends that Aramark is negligent in serving "tainted foods resembling 'road kill' upon unsuspecting users" such as Ohio inmates and school children. He seeks class certification. None of these allegations, however, can be interpreted as asserting any of his claims in terms of imminent danger.

    For this reason, it is recommended that the motion for leave to proceed *in forma pauperis* (Doc. 1) be denied, and that Mr. Martin be directed to submit the entire $400.00 filing fee within thirty days if he wishes to proceed with this action. If that recommendation is accepted, he should also be advised that if he

-2-

does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee. See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                      /s/ Terence P. Kemp
                                      United States Magistrate Judge