UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT MARTIN,**

       **Plaintiff,**

     v.

**ARAMARK FOOD CORP., et al.,**

       **Defendants.**

       Case No. 2:15-cv-1112
       **JUDGE GREGORY L. FROST**
       Magistrate Judge Terence P. Kemp

## ORDER

This matter is before the Court for consideration of the Magistrate Judge's March 31, 2015 Report and Recommendation. (ECF No. 2.) In that filing, the Magistrate Judge noted that, because Plaintiff has had three or more cases dismissed in the past as frivolous or for failure to state a claim upon which relief can be granted, the Prison Litigation Reform Act's "three strikes" rule precludes Plaintiff from proceeding *in forma pauperis* unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). The Magistrate Judge therefore recommended that the Court deny Plaintiff's motion for leave to proceed *in forma pauperis* and direct Plaintiff to submit the $400.00 filing fee within thirty days. (*Id.* at Page ID # 25.)

Plaintiff has filed objections to the Report and Recommendation. (ECF No. 3.) When a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Complicating disposition of the objections is the fact that Plaintiff has filed an amended complaint. (ECF No. 7.) The amended complaint adds new parties and claims that are unrelated to the original complaint's allegations. The amended complaint also fails to set forth the allegations of the original complaint. These characteristics suggest that Plaintiff perhaps intends that *both* his original complaint and the amended complaint serve as operative pleadings.

Supporting this construction is the fact that the second complaint addresses conduct allegedly beginning in August 2014. This conduct pre-dates the March 2015 filing of this lawsuit, which means that the second complaint cannot by definition constitute a supplemental pleading under Federal Rule of Civil Procedure 15(d). That rule permits the filing of a supplemental pleading setting out any transaction, occurrence, or even that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). This Court therefore regards the second complaint as an amended complaint, which is what Plaintiff sought to file by motion (ECF No. 5) and which is what the Magistrate Judge granted leave to file (ECF No. 6).

As noted above, the problem is that the amended complaint is possibly incomplete. The Court suspects that Plaintiff intended for both the original complaint and the amended complaint to present his claims. The Sixth Circuit has explained, however, that "an amended complaint supercedes an original complaint with respect to which allegations and issues are presented to the court for disposition." *Smith & Nephew Inc. v. Fed. Ins. Co.*, 113 F. App'x 99, 102 (6th Cir. 2004). Because only the amended complaint is the operative complaint, the Magistrate Judge's Report and Recommendation and Plaintiff's objections are moot.

That said, the Court recognizes that making three points would likely assist Plaintiff in litigating this case in the future.

First, Plaintiff's now-moot first objection was that the Magistrate Judge lacked jurisdiction to issue the Report and Recommendation because the parties had not consented to such an exercise of jurisdiction. This argument incorrectly conflates Magistrate Judge jurisdiction under 28 U.S.C. § 636(c)(1) over the entire case with jurisdiction to act on select, designated matters. The Magistrate Judge properly considered Plaintiff's motion for leave to proceed *in forma pauperis* and filed the Report and Recommendation. This Court would have held Plaintiff's first objection to be meritless.

Second, Plaintiff's now-moot second objection was that the Magistrate Judge erred in finding that, based on the original complaint, Plaintiff is not under imminent danger of serious physical injury. In his objections, Plaintiff posited that frequent bouts of diarrhea and the risk of gum and tooth disease from consuming poor quality food constitute the requisite imminent danger of serious physical injury. The former issue is a minor harm, and the latter issue is speculative given that Plaintiff has not even alleged that he suffers from gum and tooth decay. Such assertions fall far short of the conditions the Sixth Circuit has recognized as sufficient harm. *See Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585-87 (6th Cir. 2013) (listing examples of serious harms); *see also Thompson v. Sampson*, No. 1:10-cv-231, 2010 WL 1027897, at *2 (W.D. Mich. Mar. 18, 2010) (same). Plaintiff's second objection would have also failed.

Third, Plaintiff's objections briefing also discusses irrelevant issues, such as whether the three strikes rule is jurisdictional and whether the Clerk has complied with statutory duties. The first point confuses this Court's jurisdiction with the Court's ability to collect a filing fee. The second point, involving whether the Clerk has returned a time-stamped copy of the complaint to

3

Plaintiff, has nothing to do with the filing fee issue and the Report and Recommendation rationale.

Despite the foregoing three points and in an effort to clear up the record, the Court **ORDERS** that, within thirty days of the date of this Order, Plaintiff must either (1) file a second amended complaint that sets forth all claims against all parties in this action *or* (2) file notice that he indeed intends to proceed only on the April 17, 2015 first amended complaint.  As consequences of this action, the Court also **DECLINES** to adopt the moot Report and Recommendation (ECF No. 2) and **RETURNS** the matter of the motion for leave to proceed *in forma pauperis* (ECF No. 1) to the Magistrate Judge for a new Report and Recommendation to be issued after Plaintiff clarifies the pleading.  The Magistrate Judge will make a recommendation on whether Plaintiff must pay the entire $400.00 filing fee and, if necessary, also conduct an initial screen of the operative complaint.   If Plaintiff fails to comply with this Order, the Court will dismiss this action for failure to prosecute and for failure to obey an order of the Court.

**IT IS SO ORDERED.**

       /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE