```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION


Robert Martin,                   :

          Plaintiff,             :  Case No. 2:15-cv-1112

     v.                          :

Aramark Food Corp., et al.,      :  JUDGE GREGORY L. FROST
                                    Magistrate Judge Kemp
          Defendants.            :
```

REPORT AND RECOMMENDATION AND ORDER

I. Introduction

Plaintiff, Robert Martin, a state prisoner who resides at the Hocking Correctional Facility, submitted his complaint in this case on March 27, 2015. His complaint was accompanied by a motion for leave to proceed in forma pauperis. That motion was not accompanied by the required trust fund statement from his institution. Ordinarily, the Court would direct Mr. Martin to provide a trust fund statement in order to allow the Court to consider whether to assess a partial filing fee based on that statement.

However, as this Court pointed out in denying Mr. Martin's motion for leave to proceed in forma pauperis in Martin v. Harlan, Case No. 2:14-cv-1553, Mr. Martin has had three or more cases or appeals dismissed in the past as frivolous or for failure to state a claim on which relief can be granted. See Martin v. Woods, Case No. 2:12-cv-341 (S.D. Ohio), citing Martin v. Welch, Case No. 2:10-cv-736 (S.D. Ohio); Martin v. Ohio Supreme Court, Case No. 2:04-cv-613 (S.D. Ohio); Martin v. Mrs. Lowery, Case No. 2:04-cv-641 (S.D. Ohio).

Under that portion of the Prison Litigation Reform Act codified at 28 U.S.C. §1915(g), the so-called "three strikes"

rule, a prisoner may not bring a suit in forma pauperis if that prisoner "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Thus, he is not entitled to proceed <u>in forma pauperis</u> and to pay the filing fee in installments unless he can demonstrate that he meets the "imminent danger" requirement of §1915(g).  Otherwise, he must pay the entire filing fee (currently $400.00 for prisoners not granted <u>in forma pauperis</u> status) at the outset of the case.

II.  Procedural History

On March 31, 2015, the Court issued a Report and Recommendation recommending that Mr. Martin's motion for leave to proceed in forma pauperis be denied because he had not addressed the issue of imminent danger in his complaint.  This original complaint raised issues relating to an alleged contract entered into by the Ohio Department of Correction and Rehabilitation and Aramark Food Service.  Mr. Martin asserted the alleged illegality of the contract and claims of unjust enrichment.  He stated that he suffered food poisoning in the past and the institutional response he received was designed solely to protect Aramark.  He also asserted various other claims such as public corruption, including misuse of funds without procedural or substantive due process protection.  Further, he contended that Aramark was negligent in serving "tainted foods resembling 'road kill' upon unsuspecting users" such as Ohio inmates and school children.  He sought class certification.  None of these allegations, however, were interpreted by the Court as asserting any of his claims in terms of imminent danger.

On April 6, 2015, Mr. Martin filed objections to the Report

and Recommendation.  In his objections, Mr. Martin argued that he asserted imminent danger based on allegations of "frequent bouts with dysentery/diarreha ongoing to date by Aramark inmates preparing tainted foods; no fresh vegetables only mush processed diced green apples served daily. food served causes gum tooth disease do to mush consistency; mystery road kill tainted meat served; breakfast juice served with no nutritional value only tow fDA warnings 2 chemicals are present that could cause retardation; no fresh food or hamburger or beef is served only a mystery meat with arteries and other foreign matter Aramark sells usury priced fundraiser foods prepared by inmates unqualified."

On April 17, 2015, the Court granted Mr. Martin's motion to amend his complaint, noting that Mr. Martin was within the time for amending as a matter of course.  The first amended complaint names additional defendants and sets forth claims relating to a failure to make ADA accommodations in an alleged effort to punish and retaliate against Mr. Martin and others "similarly situated." Mr. Martin alleges specifically that he has been denied the following medically ordered accommodations as set forth here verbatim:

    a.   long sleeve shirts and floppy hat issued by GCI medical staff; [skin cancer need].

    b.   denied accomodations for C.O.P.D., emphysema, asthma;

    c.   denied accomodation for a thick medical mattress approved at GCI do to degeneration of disc disease, herniated disks, severe narrowing of spine, degenerative discogenic disease of C4-C5, pinched nerves affecting walking, sitting, standing, but not limited to;

    d.   Oxley refused to correct ADA disabilities for lack of light to read causing blurred vision, headaches.

On May 12, 2015, the District Judge assigned to this case issued an order directing Mr. Martin to file a second amended complaint setting forth claims against all parties in this action or file a notice that he intends to proceed only on the first amended complaint.  The District Judge further concluded that, in light of the amended complaint, the Report and Recommendation was moot.  Consequently, he returned the matter to the undersigned Magistrate Judge for a new Report and Recommendation to be issued after Mr. Martin clarified his pleading.

In response to that order, Mr. Martin has now made three separate filings - a "Compliance to Order Dated 5.12.15" (Doc. 9), a "Supplimental (sic) Response to 5.12.15 Order" (Doc. 10), and a motion for "Leave to Plead Imminent Danger in Second Amended Complaint for Consideration Opposing 5.12.15 Order" (Doc. 11).  Each of these filings will be explained in turn.

According to the first filing, Mr. Martin intends to proceed only on his first amended complaint.  He states specifically, in the first paragraph, that "Martin adopts first amended complaint as sole cause of action."  He also requests the appointment of counsel and contends that he did not consent to the jurisdiction of the Magistrate Judge.

The second filing asserts that the Clerk's office has not been sending him time-stamped copies of his filings because he is indigent thereby violating his right of access to the courts. This filing also appears to request the consolidation of his original and first amended complaints (although Mr. Martin describes the first amended complaint as a second amended complaint), requests a hearing and the appointment of counsel, and seeks class action certification and the ability to further amend.

Mr. Martin's third filing sets forth what he characterizes as "additional facts," presumably in an effort to allege imminent

danger.  These facts appear to relate to the alleged refusal to correct FDA chemical warnings on breakfast juice and "prevent dangerous food chemicals" and the refusal to "recognize ADA violations."

### III.  Analysis

The first issue before the Court is whether Mr. Martin has clarified his pleading as directed by the Court in the order of May 12, 2015 (Doc. 8).  The second issue is whether, considering the clarification, Mr. Martin has alleged imminent danger sufficient to allow him to proceed in forma pauperis despite his previous three strikes.  Resolution of the second issue is quite simple so the Court will consider these issues in reverse order.  That is, considering all of the issues raised by Mr. Martin, in whatever form or filing he has raised them, he has failed to allege imminent danger sufficient to overcome his three strikes.

To meet the imminent danger requirement, the threat or prison condition must be real and proximate, and the danger of serious physical injury must exist at the time the complaint is filed.  Allegations which are speculative or merely conclusory statements are insufficient to establish imminent danger.  See Swenson v. Pramstaller, 169 Fed.Appx. 449, 450-51 (6th Cir. 2006); Chance v. Tennessee, 47 Fed.Appx 762, 763 (6th Cir. 2002).

Mr. Martin's allegations, viewed as a whole, either allege minor harms or are merely speculative because he has not alleged any harm he has suffered as a result of the denial of the various accommodations he describes.  The failure of the claims raised in his original complaint to establish imminent danger has already been addressed by the Court in its previous orders.  Mr. Martin's additional filings do not support a different result.

In his first amended complaint, he contends that he has been denied various ADA accommodations.  These allegations, however, do not address the issue of imminent danger.  For example, he

asserts that he has been denied long-sleeved shirts and a hat medically ordered for his skin cancer condition, but he does not suggest that he is being harmed from being in the sun without these items.  Further, he claims that he is being denied accommodations for various respiratory issues but fails to note what specific accommodations he has been denied or the impact on his alleged conditions.  Similarly, with respect to the medical mattress allegedly prescribed, Mr. Martin describes only the conditions requiring such a prescription and not any harm he has suffered as a result of the denial of the accommodation.  Finally, although he mentions headaches and blurred vision as a result of insufficient light, he again fails to provide any details of harm.

    Mr. Martin's motion for leave to plead imminent danger also fails to provide any detailed information from which the Court could conclude that harm to Mr. Martin was imminent.  First, with respect to the issue of chemical warnings on the breakfast juice, Mr. Martin makes nothing beyond conclusory statements and does not indicate that he has any condition impacted by the chemical warnings.  Further, with respect to the issue of the refusal to recognize ADA violations, as discussed above, Mr. Martin has provided no information from which the Court could construe an allegation of imminent harm.

    This brings the Court to the second issue - whether Mr. Martin has clarified his pleading.  The District Judge directed Mr. Martin to either file a second amended complaint or file a notice that he intends to proceed only on the first amended complaint.  Initially, Mr. Martin filed a notice in response stating that he intended to proceed only on the first amended complaint.  Mr. Martin's subsequent filings, however, have made his intention less clear.  There is some indication from his supplemental response that he requests that the Court consider

his original and amended complaint as one complaint.  This suggests that Mr. Martin actually wants to proceed with a second amended complaint which combines the allegations of his first two complaints.  Regardless of whether this is his intention, he has not filed a second amended complaint to confirm this intention as directed by the Court.  Consequently, as the Court has previously noted, the operative complaint is the first amended complaint.

This brings the Court to Mr. Martin's final recent filing – the motion for leave to plead imminent danger.  This motion will be denied.  To the extent that Mr. Martin is attempting to amend his complaint, a request for leave to amend generally is required to be accompanied by a proposed amended complaint.  Further, as set forth above, the allegations of that motion do not establish a likelihood of imminent harm.

Mr. Martin's various filings also raise a number of additional issues which lack merit.  With respect to his request for counsel, because this action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, this request is denied.  Mars v. Hanberry, 752 F.2d 254 (6th Cir. 1985).  With respect to his request for class certification, it is well established that pro se prisoners cannot bring class action lawsuits concerning prison conditions. Dodson v. Wilkinson, 304 Fed. App'x 434, 438 (6th Cir. 2008). Finally, with respect to Mr. Martin's request for time-stamped copies, the law is clear that an inmate has neither a constitutional nor a statutory right to free photocopies even if that inmate has been granted the right to proceed in forma pauperis.  See Hullom v. Kent, 262 F.2d 862 (6th Cir. 1959); see also Johnson v. Moore, 948 F.2d 517 (9th Cir. 1991).  That includes free copies of documents that the inmates himself has previously filed .  Anderson v. Gillis, 2007 WL 1623892 (3d Cir. June 6, 2007).  It is Mr. Martin's obligation to provide an extra

copy at the time of filing if he wants to receive a time-stamped copy of his documents.  Consequently, this request also is denied.

## IV.   Recommendation and Order

For the reasons stated above, it is recommended that the motion for leave to proceed *in forma pauperis* (Doc. 1) be denied, and that Mr. Martin be directed to submit the entire $400.00 filing fee within thirty days if he wishes to proceed with this action.  If that recommendation is accepted, he should also be advised that if he does not pay the fee, the action will be dismissed and will not be reinstated even upon subsequent payment of the filing fee.  See McGore v. Wrigglesworth, 114 F.3d 601, 609 (6th Cir. 1997).

The motion for leave to plead imminent danger (Doc. 11) is denied.

### Procedure on Objections to the Report and Recommendation

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the

-8-

Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir. 1981).

<u>Procedure on Motion for Reconsideration of Order</u>

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                            /s/ Terence P. Kemp
                                            United States Magistrate Judge